In the Matter of the Application of ANTHONY A. MAGNANI, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act against CHARLES A. HARNETT, as Commissioner of Motor Vehicles of the State of New York, and PATRICK MATTHEWS, Respondents.

Supreme Court, Special Term, Albany County, December 14, 1938.

*Roy P. Monahan*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Vincent Kiebala* of counsel], for the respondent Charles A. Harnett, as Commissioner of Motor Vehicles of the State of New York.

SCHENCK, J.   This is a motion for an order directing respondent to revoke chauffeur's license No. 9180374, issued to one Patrick Matthews.   The motion is based upon subdivision 1-a of section 20 of the New York State Vehicle and Traffic Law, which provides in effect, as herein applicable, that chauffeurs' licenses shall not be issued to aliens, except those who have made official declaration of intention to become citizens of the United States within six years prior to the date of application for license.   It is conceded that the

said Matthews is a subject of the King of England and has never made declaration of his intention to become a citizen of the United States. The motion is attacked on the ground of constitutionality, it being claimed that subdivision 1-a of section 20 of the Vehicle and Traffic Law violates the United States' reciprocal " trade and occupation treaty " with Great Britain.

According to this reciprocal treaty, it would be improper for the United States or any individual State to deny the right of an English subject to follow a lawful occupation or trade merely because he is an Englishman. There does not seem, however, in the case at hand, to be the question of " occupation " or " trade " involved. Rather the question is one of the granting of a " privilege " to operate motor vehicles upon the public thoroughfares of New York State. This is clearly an exercise of the police power, the proper enforcement of which cannot be abrogated by an international treaty, it being purely a question within the province of the several States.

To say that a foreigner presumably does not have the same attitude toward American traffic customs and regulations, and toward the personal and property rights that have been so closely interwoven with the operation of motor vehicles, does not seem to be unreasonable. As a matter of fact, this is almost the precise holding of a court of a neighboring State. (See *Gizzarelli* v. *Presbrey*, 44 R. I. 333; 117 A. 359.) In that case the right of the State to deny the privilege of motor vehicle operation to an alien was upheld because of the advisability of careful selection of those to whom the privilege should be accorded. It was there held advisable to deny this privilege to aliens as a class. The same rule should apply here.

Accordingly, the right of the State of New York to enact and enforce subdivision 1-a of section 20 of the Vehicle and Traffic Law is upheld. There being no other question raised by the respondent in respect to this motion, the motion is granted.